**UNITED STATES of America,**
**Appellee,**

v.

**Michael BYERS, Appellant.**

No. 98–3280.

United States Court of Appeals,
Eighth Circuit.

Submitted April 20, 2001.

Decided April 24, 2001.

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

PER CURIAM.

Michael Byers pleaded guilty to possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Because he had refused to identify any of his drug suppliers or customers to the government, citing his religious and moral beliefs,

the district court[1] denied his request for safety-valve relief under 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(5), and sentenced him to 120 months imprisonment and 5 years supervised release. Byers challenges the denial on appeal.

We conclude that Byers did not satisfy the requirements for safety-valve relief, and that the district court did not clearly err in denying it. *See United States v. Tournier,* 171 F.3d 645, 647 (8th Cir.1999) (standard of review); *United States v. Santana,* 150 F.3d 860, 864 (8th Cir.1998) (defendant carries burden of demonstrating that he has truthfully provided to government all information he knows about relevant crime); *United States v. Romo,* 81 F.3d 84, 85 (8th Cir.1996) (to receive safety-valve relief, defendant is obligated to provide information about identities and participation of others involved in chain of distribution); *cf. United States v. McQuay,* 7 F.3d 800, 802–03 (8th Cir.1993) (requiring defendant to incriminate self to "reap the benefit of" acceptance-of-responsibility reduction does not punish him for exercise of Fifth Amendment right).

Accordingly, we affirm the judgment of the district court.

---

1. The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.